Alizabeth A. Bronsdon
Bronsdon Law Firm, PLLC
P.O. Box 7262
Missoula, MT 59807
267-664-3422
bronsdonlaw@gmail.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>     Plaintiff,<br><br>  v.<br><br>TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>     Defendant. | Case No. _____<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF<br><br>Freedom of Information Act |

Plaintiff Alliance for the Wild Rockies ("the Alliance") alleges as follows:

**INTRODUCTION**

1. This action is premised upon, and consequent to, violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et. seq.* It challenges the unlawful failure of the Defendant, the United States Bureau of Land Management ("BLM," "Defendant," or "Agency"), to abide by the statutory requirements of FOIA.

2. Defendant is unlawfully withholding public disclosure of information sought by Plaintiff, information to which Plaintiff is entitled and for which no valid disclosure exemption applies or has been asserted. In particular, Defendant has violated, and remains in violation of, the statutory mandates imposed by FOIA by: (1) failing to provide a final determination resolving Plaintiff's FOIA Request within the time required by law; and (2) failing to provide Plaintiff non-exempt responsive records in response to Plaintiff's FOIA request, including reasonably segregable, non-exempt portions of responsive records.

3. Plaintiff seeks declaratory relief establishing that Defendant has violated FOIA. Plaintiff also seeks injunctive relief directing Defendant to promptly provide Plaintiff with the requested material. Finally, Plaintiff seeks an Order from the Court directing Defendant to pay Plaintiff's reasonable attorneys' fees and costs incurred in bringing this action.

## JURISDICTION, VENUE, AND BASIS FOR RELIEF

4. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, *et seq*.

5. Venue properly vests in this Court pursuant to 5 U.S.C. § 552(a)(4)(B), because a portion of the responsive records may be found in this district.

6.    This case is properly brought in the District of Montana, Missoula Division because the BLM's Missoula Field Office, the BLM office to which the Alliance made its request and at which a portion of the responsive records may be found, is located in the Missoula Division.

7.    Declaratory relief is appropriate under 28 U.S.C. § 2201.

8.    Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

9.    Attorneys' fees and costs may be awarded by the Court to a substantially prevailing plaintiff pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

10.   Plaintiff Alliance for the Wild Rockies (the "Alliance") is a tax-exempt, non-profit public interest organization dedicated to the protection and preservation of the native biodiversity of the Northern Rockies Bioregion; its native plant, fish, and animal life; and its naturally functioning ecosystems. The Alliance's registered office is located in Missoula, Montana. The Alliance has more than 2,000 individual members, many of whom are located in Montana. Members of the Alliance observe, enjoy, and appreciate Montana's native wildlife, water quality, and terrestrial habitat quality, and expect to continue to do so in the future. The Alliance brings this action on its own behalf and its adversely affected members.

11. Defendant is an agency of the United States government within the U.S. Department of the Interior. The BLM is responsible for managing public lands, and its mission is to sustain the health, diversity, and productivity of public lands for the use and enjoyment of present and future generations. The BLM is in possession and control of the records that the Alliance seeks, and as such, is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Alliance's FOIA Request. The BLM is the federal agency responsible for applying and implementing the federal laws and regulations at issue in this complaint.

12. The BLM is an "agency" as defined by 5 U.S.C. § 552(f)(1) and is therefore subject to the provisions of FOIA.

## STATEMENT OF OPERATIVE FACTS

13. FOIA requires U.S. government agencies to promptly make public records available to any person if that person makes a request that (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

14. FOIA requires an agency to issue a final determination on any such information request within 20 business days from the date of its receipt. *Id.* § 552(a)(6)(A)(i). If an agency misses its statutory deadline to respond to a FOIA request, the statute deems the exhaustion requirement constructively satisfied, and

the requester may pursue relief directly in federal court. *Corbett v. Transp. Sec. Admin.*, 116 F.4th 1024, 1028 (9th Cir. 2024) (citing 5 U.S.C. § 552(a)(6)(C)(i)).

15. Only in "unusual circumstances" may an agency extend the final determination deadline by no more than 10 additional working days, but it must first provide written notice to the requester that sets forth the unusual circumstances requiring the extension and "the date on which a determination is expected to be dispatched." If the agency provides written notice that the request cannot be processed with the specified time limit, the agency must provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison to "assist in the resolution of any disputes between the requester and the agency." 5 U.S.C. § 552(a)(6)(B)(i)–(ii).

16. On September 20, 2024, Mr. Garrity, in his capacity as an Alliance board member, electronically submitted a FOIA Request (the "FOIA Request") via the Department of the Interior's FOIA Public Access Link, "https://foiaxpresspal.doi.gov/." The BLM confirmed its receipt of the FOIA Request in an email, assigning it the control number DOI-BLM-2024-001296. A true and correct copy of the DOI's email is attached as Attachment 1.

17. In his FOIA Request, Mr. Garrity specifically requested a copy of the project file for the Clark Fork Face Project, which had been authorized by the BLM's Missoula Field Office. Mr. Garrity's FOIA Request is likely to contribute significantly to the public's understanding of the BLM's April 2024 decision to authorize that major logging project in the Garnet Mountain Range and Clark Fork River sub-basin east of Missoula, between Bonner and Drummond.

18. The BLM did not respond to Mr. Garrity's request within the 20 business day deadline.

19. The BLM's automated email receipt of the FOIA Request directed Mr. Garrity to "contact the bureau at https://www.doi.gov/foia/contacts" for "any further correspondence." That webpage links to the BLM's "FOIA Contacts" page, which states, "[t]he BLM has a **FOIA Coordinator for each State Office and Center**. If you have requested records from a specific location, please contact the respective State or Center directly to check on the status of your pending request." BLM, *FOIA Contacts*, https://www.blm.gov/about/foia/foia-contacts/ (last visited October 25, 2024).

20. On October 23, 2024, two days after the 20-day deadline had passed, Mr. Garrity sent an email to Sally Sheeks, the Montana/Dakotas FOIA contact listed on the BLM's "FOIA Contacts" webpage, and Ryan Witt, the National BLM FOIA

Officer at the email address listed on the website. In the email, Mr. Garrity forwarded the automated email receipt of his September 20 FOIA Request and asked Ms. Sheeks and Mr. Witt, "Do you have an estimate for when I will receive the project file for the Clark Fork Face in the Missoula, MT Field Office?" A true and correct copy of Mr. Garrity's email is attached as Attachment 2.

21. The email to Ms. Sheeks was returned as undeliverable. So, Mr. Garrity also called and left a voice message at the number provided for Ms. Sheeks on the BLM's "FOIA Contacts" webpage.

22. As of the date of this Complaint, neither BLM official has responded to Mr. Garrity's initial FOIA request or follow-up attempts.

23. As of the date of this Complaint, the Alliance has received no records responsive to its FOIA Request.

24. As of the date of this Complaint, the Alliance has not been informed whether the BLM will comply with its FOIA Request or the reasons for not complying, whether the BLM will withhold records under a FOIA exemption, or whether the Alliance has any administrative appeal rights concerning an adverse determination.

25. To date, no "determination" has been provided to the Alliance concerning its FOIA Request to the BLM, as that term is used in 5 U.S.C. § 552(a)(6)(A)(ii).

26. The Alliance has constructively exhausted all administrative remedies required by FOIA. *Id.* § 552(a)(6)(A), (a)(6)(C).

27. The Alliance has been required to expend costs and to obtain the services of a law firm to prosecute this action.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: DETERMINATION DEADLINE VIOLATION

28. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

29. The Alliance has a statutory right to have Defendant process its FOIA requests in a manner that complies with FOIA. Plaintiff's rights in this regard are violated by Defendant's unlawful delay in informing the Alliance of its final determination as to the FOIA Request beyond the 20-day statutory deadline and any extensions. 5 U.S.C. § 552(a)(6)(A)(i).

30. To date, the Alliance has not received a communication from Defendant about whether Defendant will comply with the FOIA Request, Defendant's reasons for making that decision, or any right of the Alliance to administratively appeal that decision.

31. Defendant has not invoked any extensions to the FOIA Request's 20-day determination deadline.

32. Based on the nature of Plaintiff's organizational activities, Plaintiff will continue to submit FOIA requests to the BLM for the foreseeable future. Plaintiff will continue to rely upon release of records sought in FOIA requests to shed light on government activities. Plaintiff's statutory rights will be adversely affected if the BLM is allowed to continue violating FOIA's response deadlines.

33. Unless enjoined and made subject to a declaration of Plaintiff's legal rights by this Court, the BLM will continue to violate the rights of Plaintiff to receive public records under FOIA.

34. The BLM's failure to make a final determination on the Alliance's FOIA Request within the statutory timeframe has prejudiced Plaintiff's ability to timely obtain public records.

## COUNT II

### VIOLATION OF THE FREEDOM OF INFORMATION ACT: UNLAWFUL WITHHOLDING OF NON-EXEMPT PUBLIC RECORDS

35. The allegations made in all preceding paragraphs are realleged and incorporated by reference.

36. The Alliance has a statutory right to have the Defendant process its FOIA requests in a manner that complies with FOIA. Plaintiff's rights in this regard are

violated by the BLM's failure to promptly provide public, non-exempt records to the Alliance in response to the FOIA Request. 5 U.S.C. § 552(a)(3).

37. The BLM is unlawfully withholding public disclosure of information sought by the Alliance, information to which the Alliance is entitled and for which no valid disclosure exemption applies. The BLM is also unlawfully withholding reasonably segregable, non-exempt portions of responsive records.

38. Based on the nature of the Alliance's organizational activities, it will undoubtedly continue to submit FOIA requests to the BLM for the foreseeable future.

39. The Alliance's organizational activities to shed light on government activities will be adversely affected if the BLM is allowed to continue violating FOIA's disclosure mandates.

40. Unless enjoined and made subject to a declaration of the Alliance's legal rights by this Court, the BLM will continue to violate the rights of the Alliance to receive public records under FOIA.

## **REQUEST FOR RELIEF**

WHEREFORE, the Alliance requests that this Court:

1. Declare the BLM's failure to disclose the records requested by Plaintiff in the FOIA Request to be unlawful under FOIA, 5 U.S.C. § 552(a)(3).

2. Order the BLM to promptly provide the Alliance with the non-exempt records sought in its FOIA Request.

3. Declare the BLM's failure to make a timely final determination on the FOIA Request to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)(i), (ii).

4. Award the Alliance its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) and 28 U.S.C. § 2412.

5. Grant such other and further relief as the Court may deem just and proper.

Filed this 25th day of October, 2024.

/s/ Alizabeth A. Bronsdon
Attorney for Plaintiff