IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiff,<br><br>vs.<br><br>TRACY STONE-MANNING, in her official capacity as Director of the Bureau of Land Management; UNITED STATES BUREAU OF LAND MANAGEMENT,<br><br>Defendants. | CV 24-149-M-KLD<br><br><br><br>**STIPULATED FEE SETTLEMENT AGREEMENT** |

Plaintiff Alliance for the Wild Rockies ("Plaintiff") and Federal Defendants Tracy Stone-Manning (in her official capacity) and the United State Bureau of Land Management ("Federal Defendants") enter into the following Stipulated Fee Settlement Agreement ("Agreement") and state as follows:

WHEREAS, Plaintiff's lawsuit alleges violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., stemming from Federal Defendants' failure to timely respond to Plaintiff's October 25, 2024 FOIA request;

1

WHEREAS, on or about January 16, 2025, Plaintiff indicated that Federal Defendants complied with its obligation to produce documents responsive to its FOIA request;

WHEREAS, the parties hereby stipulate to the dismissal of Plaintiff's Complaint, and the parties have reached an agreement that obviates the need for any litigation regarding Plaintiff's fees and costs, as set forth below.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1. The parties hereby stipulate to the dismissal with prejudice of all claims in Plaintiff's Complaint and file a proposed order of dismissal herewith.

2. Federal Defendants agree to pay the lump sum of three thousand dollars ($3,000.00) in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the FOIA, 5 U.S.C. § 552, et seq., and/or any other statute and/or common law theory, for all attorney's fees, costs, and expenses incurred by Plaintiff in this litigation.

3. Plaintiff agrees to forego filing any motion for attorney's fees and costs in the above-captioned matter.

4. Federal Defendants shall make the payment required by Paragraph 1 by electronic funds transfer as directed by Plaintiff's counsel. Plaintiff's counsel shall provide to the undersigned counsel for Federal Defendants the

appropriate account number and other information needed to facilitate payment.

5. Federal Defendants agree to submit necessary paperwork for the processing of the attorney's fees award within ten (10) business days of the Court's approval of this Agreement or order dismissing the case, whichever is sooner.

6. Plaintiff agrees to accept Federal Defendant's payment of $3,000.00 in full satisfaction of any and all claims for attorney's fees and costs of litigation incurred in this matter to date. Plaintiff agrees that receipt of this payment from Federal Defendants shall operate as a release of Plaintiff's claims for attorney's fees and costs in this matter to date.

7. Except for the obligations specifically required under this Agreement, Plaintiff agrees to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $3,000.00 settlement amount, including any claims that may arise as to any apportionment of the payment amount to Plaintiff and Plaintiff's counsel.

8. Plaintiff acknowledges that under 31 U.S.C. §§ 3711, 3716, 26 U.S.C. § 6402(d), 31 C.F.R. §§ 285.5, 901.3, and other authorities, the United States will offset against the attorney's fees award Plaintiff's delinquent debts to the United States, if any. *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

9. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available, or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10. This Agreement does not represent an admission by Plaintiff or Federal Defendants to any fact, claim, or defense in any issue in this lawsuit. This Agreement has no precedential value and shall not be used as evidence of such in any other matter.

11. This Agreement shall be binding on the parties and their successors, agents, designees, employees, and all those acting by and through their authority. The parties agree that this Agreement was negotiated in good faith and that this Agreement constitutes a resolution of claims that were denied and disputed by the parties. By entering into this Agreement, the parties do not waive any claim or defense.

12. The undersigned representatives of each party certify that they are fully authorized by the parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein.

13. Plaintiff agrees to obtain a dismissal of the above-captioned action with prejudice.

DATED this 22nd day of January, 2025.

                                        JESSE A. LASLOVICH
                                      United States Attorney

                                    /s/ Abbie Gioka
                                    Assistant U.S. Attorney
                                    Attorney for Federal Defendant

                                    /s/
                                    Attorney for Plaintiff